[No. 80144-4.   En Banc.]
Considered June 5, 2008.   Decided June 12, 2008.

*In the Matter of the Detention of* KIM MICHAEL SMITH, *Petitioner.*

*Thomas M. Kummerow* (of *Washington Appellate Project*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Todd R. Bowers, Assistant,* for respondent.

¶1  PER CURIAM—We held in *In re Detention of Elmore,* 162 Wn.2d 27, 36, 168 P.3d 1285 (2007), that a 2005 amendment

to the sexually violent predator act was not retroactive. Because the facts here are substantially the same as those in *Elmore,* we grant Kim Smith's petition for review and reverse the Court of Appeals.

¶2 The trial court committed Smith as a sexually violent predator in 2002. Following Smith's annual show cause hearing in 2004, the court granted Smith an evidentiary hearing to determine whether he should be released based on an expert's opinion that Smith's advancing age rendered him no longer likely to commit future acts of sexual violence. The trial court based its ruling on the Court of Appeals' then-recent decision in *In re Detention of Young,* 120 Wn. App. 753, 86 P.3d 810 (2004), which held that advancing age alone could justify an evidentiary hearing. Just before trial in 2005, the legislature amended RCW 71.09.090 to provide that advancing age alone does not justify a hearing to determine eligibility for release. Based on the amendment, the trial court granted the State's motion to vacate the order granting Smith an evidentiary hearing.

¶3 The Court of Appeals affirmed, issuing its decision after we granted review in *Elmore* but before we filed that decision. In light of our decision in *Elmore,* the 2005 amendment cannot retroactively be applied to deny Smith an evidentiary hearing on whether his advancing age renders him no longer likely to commit acts of sexual violence.

¶4 We reverse the Court of Appeals and remand to the trial court for proceedings consistent with this opinion.